a dismissal of the complaint by the court on trial at Special Term. The action was brought to enjoin the alteration of a building in the city of New Rochelle into an apartment house on the ground that such use of the premises was violative of a restrictive covenant. The restriction prohibited the erection on said lot of any building other than one house to be used only as a dwelling except the usual outhouses. The trial court held that defendant's altered building did not violate this covenant,

*John H. Jackson* and *William A. Moore* for appellant.
*Frederick P. Close, George L. Kettner* and *John R. Bushong* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ. Not sitting: KELLOGG, J.

---

HARRY L. ALLEN, as Trustee in Bankruptcy of the AMERICAN RAILWAY BROTHERHOOD ASSOCIATION, INC., Respondent, *v.* D. MATTHEW RYAN, Appellant.

*Corporations — stocks and stockholders — action by trustee of bankrupt corporation to recover unpaid subscription for stock.*

*Allen* v. *Ryan*, 219 App. Div. 634, affirmed.
(Argued October 24, 1927; decided November 22, 1927.)

APPEAL from a judgment, entered March 8, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury and directing judgment in favor of plaintiff. The action was to recover the balance of an unpaid subscription for stock in the American Railway Brotherhood Association, Inc. Defendant had subscribed for twenty shares and paid ten per cent of the par value of the stock. He contended that there could be no recovery in this action because the corporation was bankrupt and a stock certificate could not be issued and if issued it would be worthless.

39

*James O. Sebring* for appellant.

*John Griffin* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ.   Not sitting: KELLOGG, J.

---

ROCHESTER YACHT CLUB COMPANY, Appellant, *v.* ROCHESTER BOAT WORKS, INC., et al., Respondents.

*Real property — covenants — action to restrain erection of boat works in alleged violation of restrictive covenants.*

*Rochester Yacht Club Co.* v. *Rochester Boat Works, Inc.,* 219 App. Div. 761, affirmed.

(Argued October 25, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 13, 1927, unanimously affirming a judgment in favor of defendants Rochester Boat Works, Inc., and William J. Gucker, entered upon a dismissal of the complaint as to them by the court at an Equity Term, which court also granted a permanent injunction restraining the defendant Summerville Terraces, Inc., from conveying lots in its tract, that do not contain restrictions.   The action was to restrain the erection or maintenance of a boat works or other structure to be used for commercial purposes upon premises contracted to be sold by defendant Summerville Terraces, Inc., to defendant Gucker.

*Eugene Van Voorhis* and *George V. Fleckenstein* for appellant.

*George J. Skivington* for Rochester Boat Works, Inc., respondent.

*John W. Remington* for Summerville Terraces, Inc., respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ.   Dissenting: POUND and KELLOGG, JJ.